UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WASHINGTON MUTUAL BANK,

                      Plaintiff,

              v.

LAW OFFICE OF ROBERT JAY GUMENICK, P.C., and
ROBERT JAY GUMENICK,

                      Defendants.

08 CV 02154 (VM) (FM)

---

**Memorandum of Law in Support of Defendants' Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(6), or Alternatively, to Stay Proceedings**

 

WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10016-5639
(212) 490-3000

*Attorneys for Defendants*

Of counsel:

  Brett A. Scher
  Justin R. Leitner

3228363.1

This memorandum of law is respectfully submitted in support of the motion of Defendants Law Office of Robert Jay Gumenick, P.C., and Robert Jay Gumenick, (collectively, "Defendants") to dismiss plaintiff's pursuant to FRCP 12(b)(6) or, alternatively, to stay all proceedings in this matter pending the resolution of related proceedings.[1]

This legal malpractice action arises out of, and is integrally related to the *ongoing* Chapter 11 bankruptcy of Solomon Dwek ("Dwek") and his related and affiliated entities, pending in the United States District Court, District of New Jersey, In re: Solomon Dwek, Debtor, Bankruptcy Case No. 07-11757 (KCF) (the "Dwek Bankruptcy Action").[2] In the complaint in this action, Plaintiff Washington Mutual Bank ("WaMu") alleges that Defendants committed malpractice in the course of acting as WaMu's "attorney" in connection with the closing of a commercial loan and mortgage (the "Norwood Loan") in respect of certain property in Long Branch, New Jersey located at 1001 Norwood Avenue, Long Branch, New Jersey (the "Norwood Property"). (Leitner Dec., Ex. A).[3] Specifically, WaMu's alleges that the Defendants were negligent with respect to the handling of the closing of the loan and corollary mortgage on the Norwood Property, involving one of the entities controlled by Solomon Dwek, Dwek Properties, LLC. (See id., ¶¶ 7-63.)

---

[1] Defendants move upon the accompanying Notice of Motion, and Declaration of Justin R. Leitner in Support of Defendants' Motion to Dismiss (cited herein as "Leitner Dec."), both dated May 14, 2008. Unless otherwise indicated, all capitalized terms have the same meaning as those ascribed in the Leitner Declaration.

[2] In connection with certain of the transactions at issue in the Dwek Bankruptcy Action, Dwek has been arrested pursuant to a criminal complaint filed in and arrest warrant issued by the United States District Court, District of New Jersey, in United States of America v. Solomon Dwek, Criminal Case No. 06-3558 (MF). The criminal complaint alleges, *inter alia*, that Dwek committed bank fraud in violation of 18 U.S.C. § 1344.

[3] Defendants take the allegations in WaMu's complaint as true solely for the purposes of this motion.

WaMu makes several allegations regarding Defendants' alleged failings in connection with the Norwood Loan, but in particular argues that Defendants failed to ensure that the mortgage issued by WaMu with respect to the property was a priority first lien on the Norwood Property.  (Leitner Dec., Ex. A, ¶¶ 22-25.)  Without addressing the merits of the claim (and issues related to criminal actions pending against both Dwek and his co-conspirator, Joey Kohen, also referenced in WaMu's complaint), this action should be dismissed as premature, or alternatively, stayed pending resolution of concurrent proceedings commenced by WaMu against Dwek in both New Jersey State Court and the United States Bankruptcy Court for the District of New Jersey.

As set forth in the documents annexed to the Leitner Declaration, while attempting to assert claims against Defendants in this malpractice action, WaMu concurrently is seeking to recover the *same* damages related to the Norwood Loan and Norwood Property from Dwek and his related and affiliated entities in the Dwek State Court Action and Dwek Bankruptcy Action.  First, WaMu filed a proof of claim in the Dwek State Court Action against a Dwek affiliated entity and the borrower in the Norwood Loan – 1001 Norwood LLC – for $1,839,313.42 (the amount of the Norwood Loan).[4]  (See Leitner Dec., Ex. B).  Second, WaMu filed a proof of claim against Dwek in the Dwek Bankruptcy Action for a total of $22,382,572.59.  (See Leitner Dec., Ex. E.)   In the proof of claim, WaMu specifically asserts a claim of $1,839,313.42, the amount of the Norwood Loan, with respect to the Norwood Property.  (See id., p. 3).  Finally, as

---

[4]   Upon information and belief, the Dwek State Court Action and Dwek Bankruptcy Action are interrelated and the claims in the first were subsequently subsumed by the Dwek Bankruptcy Action, including the Norwood Property, which is now a party of the Chapter 11 Estate.  As Defendants are not part of that action, their knowledge of those proceedings are limited to publicly available documents.  Defendants' counsel did conference with WaMu's counsel, and was able to confirm that WaMu's claim against Dwek with respect to the Norwood Property is still pending as part of those underlying proceedings.

3228363.1

set forth in Dwek's schedules and summary of real property owned, title to the Norwood Property apparently remains vested in a Dwek-affiliated entity, Dwek Income LLC.  (See Leitner Dec., Ex. D, p. 16).

As a result of the bankruptcy proceedings, which remain ongoing, WaMu has the potential to recover the sums it lent in connection with the Norwood Loan, and any resultant damages incurred by reason of the default on that loan.  Thus, WaMu's claimed damages in this action directly overlap with the same claims for damages asserted by WaMu in the bankruptcy proceedings, and are not ripe for adjudication.  Accordingly, this matter should be dismissed.  See Parametric Capital Mgmt., LLC v. Lacher, 15 A.D.3d 301, 791 N.Y.S.2d 10 (1st Dept. 2005) (legal malpractice action dismissed where subject matter of professional services, an arbitration proceeding, was still pending at time of complaint, and thus it could not be determined whether alleged negligence caused plaintiff actual damages); Kahan Jewlery Corp. v. Rosenfeld, 295 A.D.2d 261, 744 N.Y.S.2d 664 (1st Dept. 2002) (cause of action for legal malpractice dismissed, with leave to replead, where plaintiff could not establish sustained actual damages attributable to alleged malpractice, as related mortgage foreclosure action was still pending).

In the alternative, this action should be stayed until the bankruptcy proceedings involving Dwek are resolved.  See Corrado v. Rubine, 25 A.D.3d 748, 807 N.Y.S.2d 878 (2d Dept. 2006) (court erred in denying cross-motion to stay legal malpractice action where some or all components of plaintiff's alleged damages could be ultimately addressed in related divorce action); Stettner v. Bendet, 227 A.D.2d 202, 642 N.Y.S.2d 253 (1st Dept. 1996) (legal malpractice action stayed until such time as plaintiff's rights in bankruptcy proceeding were finally settled); Lupoli v. Lupoli, 205 A.D.2d 595, 613 N.Y.S.2d 423 (2d Dept. 1994) (action

- 5 -

properly stayed where determination in related Surrogate's Court proceeding had the potential to dispose of issues raised).

## Conclusion

WHEREFORE, it is respectfully requested that this Court enter an Order dismissing WaMu's complaint pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, staying all proceedings pending the completion of the underlying bankruptcy proceedings.

Dated: New York, New York
May 14, 2008

                              WILSON, ELSER, MOSKOWITZ,
                                EDELMAN & DICKER LLP

By:    /s/ *Justin R. Leitner*
      Brett A. Scher
      Justin R. Leitner
      150 East 42nd Street
      New York, New York 10016-5639
      (212) 490-3000
      File No. 07765.00078

*Attorneys for Defendants*