UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WASHINGTON MUTUAL BANK, | Civil Action |
| Plaintiff, | Case No. : 08 CV 02154 (VM) (FM) |
| v. | |
| LAW OFFICE OF ROBERT JAY GUMENICK, P.C. and ROBERT JAY GUMENICK, | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PROCEEDINGS** |
| Defendants. | |

Washington Mutual Bank ("WaMu"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition ("Opposition") to Defendants' Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(6), or Alternatively, to Stay Proceedings ("Motion"), and respectfully states as follows.

## FACTS

For the sake of brevity, WaMu incorporates the facts as set forth in the Declaration of Robert D. George ("George Declaration") submitted herewith.

## LEGAL ARGUMENT

By its Motion, Defendants assert that WaMu's malpractice claim against the Defendants is not ripe for adjudication. Defendants maintain that "WaMu's claimed damages in this action directly overlap with the same claims for damages asserted by WaMu in the bankruptcy proceedings." This is simply not true.

Defendants contend that WaMu's damages are speculative and contingent upon the outcome of the Bankruptcy Proceeding,[1] and, therefore, WaMu has the potential to recover,

---

[1] Unless otherwise indicated, all capitalized terms have the same meaning as those ascribed in the George Declaration.

through the Bankruptcy Proceeding, sums it advanced in connection with the Norwood Loan. Again, this is not an accurate statement. In the alternative, Defendants request that this action be stayed pending a resolution of the Bankruptcy Proceeding.

Fatal to the Defendants' motion is the fact that WaMu has *already sustained actual, irrevocable damages* as a result of Defendants' negligence which will not be recovered in the Bankruptcy Proceeding. If the Defendants had properly represented WaMu, WaMu would not have advanced in excess of 1.8 million dollars to an entity which was not even the record owner of the Norwood Property at the time of the closing. Defendants did nothing to confirm that the correct borrower --1001 Norwood, LLC-- actually owned the Norwood Property.

WaMu retained the Defendants to secure a first mortgage lien on the Norwood Property. In fact, the Norwood Loan is now completely unsecured since the Norwood Property is valued at 2.3 million dollars but has approximately eight million dollars in liens against it prior to WaMu's mortgage on the Norwood Property. If the Defendants had properly represented WaMu, WaMu would not have advanced on the Norwood Loan since, among other factors, the substantial prior mortgage liens against the Norwood Property were not discharged.

Solely as a result of the Defendants' negligence, WaMu is now an unsecured creditor in the Bankruptcy Proceeding with respect to the Norwood Loan. Unsecured creditors in bankruptcy proceedings are not entitled to recover interest and attorney's fees. *See In re Kindred Healthcare, Inc.*, Not Reported in B.R., 2003 WL 22000598 (Bkrtcy.D.Del.2003).

Interest and charges continue to accrue on the Norwood Loan. In addition to its complete loss of collateral, as a direct consequence of the Defendants' negligence, WaMu has incurred, and continues to incur, substantial attorneys' fees and costs in the various proceedings which are

directly related to the Norwood Loan and the resulting issues which would have been completely avoided but for the Defendants' negligence.

As for the alternative relief sought by the Defendants,' such relief should be denied because the resolution of the Bankruptcy Proceeding will have no effect on WaMu's claims brought in this litigation.

I. **Defendants' Motion To Dismiss Must Be Denied Because Plaintiff Has Sustained, And Continues To Sustain, Damages As A Result Of Defendants' Negligence**

Ripeness is a justiciability doctrine that "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *National Park Hospitality Ass'n v. Department of Interior,* 538 U.S. 803, 808 (2003). Pursuant to the Ripeness Doctrine, courts should only decide a real, substantial controversy, rather than a mere hypothetical situation. *13A Wright, Miller & Cooper,* Federal Practice and Procedure § 3532.2, at 137 (2d ed. 1984). To determine whether a case is ripe for adjudication, courts must determine "(1) whether an issue is fit for judicial decision and (2) whether and to what extent the parties will endure hardship if decision is withheld ." *Simmonds v. INS*, 326 F.3d 351, 359 (2d Cir. 2003).

Motions to dismiss pleadings must be denied, if, from its four corners, factual allegations are discerned about which taken together manifest any cause of action cognizable at law. *Tenzer, Greenblatt, Fallon & Kaplan v. Ellenberg*, 199 A.D.2d 45 (N.Y.A.D.1 Dept. 1993), *citing* McKinney's CPLR 3211(a), par. 7.

In order to prove a legal malpractice claim, a plaintiff must establish "(1) that defendant was negligent; (2) that defendant's negligence was the proximate cause of the claimed injury, and (3) that plaintiff suffered 'actual and ascertainable' damages." *Diamond v. Sokol*, 468 F.Supp.2d 626, 632 (S.D.N.Y. 2006). In order to defeat a motion to dismiss for failure to state a

legal malpractice claim, however, the moving party is not required at this stage of the pleadings to establish that movant *actually sustained damages*. *Tenzer, Greenblatt, Fallon & Kaplan,* 199 A.D.2d at 45. The moving party must only establish that its pleading contained allegations from which damages attributable to the purported negligence might be inferred. *See Id.* WaMu has overwhelmingly satisfied its burden in this regard by establishing in the Complaint that it sustained actual damages as a result of Defendants' negligence.

WaMu alleges in the Complaint that: (1) the Defendants represented WaMu in connection with the closing of the Norwood Loan, *Compl.* p. 2, ¶ 8; (2) in connection with rendering legal services to WaMu, the Defendants acted negligently, wrongfully, and in violation of the applicable standard of care, *Compl.* p. 7, ¶ 50; (3) as a result of Defendants' negligence, WaMu "*has sustained* and continues to sustain substantial damages," *Compl.* p. 8, ¶ 51 (emphasis added); (4) which damages are the direct and proximate cause of Defendants' negligence." *Compl.* p. 8, ¶ 51.

WaMu has sustained damages as a direct and proximate result of Defendants' negligence including, but not limited to, Defendants' failure to obtain a first mortgage lien in favor of WaMu against the Norwood Property despite its closing instructions. The closing instructions provided to the Defendants made it clear that the closing of the Norwood Loan was conditioned upon the receipt of such security. *See Compl.* p. 4 ¶ 22.

WaMu retained defendants to secure a first mortgage lien on the Norwood Property and, now, effectively, WaMu has no collateral since the Norwood Property has approximately eight million dollars in liens against it which are prior to WaMu's lien. *See* George Declaration, ¶8 and 9. WaMu is left with an unsecured claim in the Bankruptcy Proceeding on a loan which was to be fully secured. Interest and charges continue to accrue on the Norwood Loan. In addition to

its complete loss of collateral, as a direct and proximate consequence of the Defendants' negligence, WaMu has incurred, and continues to incur, substantial attorneys' fees and costs in the various proceedings which are directly related to the Norwood Loan and the resulting issues which would have been completely avoided but for the Defendants' negligence. *See* George Declaration, ¶16.

    A.    <u>*Failure to Obtain a First Mortgage Lien*</u>

As explained in detail in the George Declaration, WaMu advanced the Norwood Loan on the condition that it obtain a first mortgage lien against the Norwood Property. As a result of the negligence of the Defendants, WaMu obtained the following:

    a.    A mortgage interest purportedly against the Norwood Property that was granted by an entity that, according to the lien search, was never the title owner of the Norwood Property;

    b.    A mortgage interest, which even if determined to be against the Norwood Property, is subject to senior mortgage liens in excess of $8.5 million in principal.

The actual and ascertainable damages suffered by WaMu include, *inter alia,* all amounts advanced by WaMu to be secured by a first mortgage lien against the Norwood Property. The extent of WaMu's damages is readily apparent from a review of the record in the Bankruptcy Proceeding, which makes it clear that WaMu *will not* be able to obtain any recovery from the Norwood Property.

On January 24, 2008, Amboy filed a Motion for Stay Relief in order to commence foreclosure proceedings against the Norwood Property. *See* George Declaration, ¶7. As of February 19, 2008, Amboy claimed that it was owed $1,843,671.57 on its first mortgage lien. *See* George Declaration, ¶8. According to Amboy, BRT's lien against the Norwood Property was in excess of $6 million. *See* George Declaration, ¶9.

Amboy's appraisal report, prepared in July of 2006, valued the Norwood Property at $2.3 million, meaning that there was absolutely no equity in the Norwood Property for the Estate. *See* George Declaration, ¶10. In fact, Amboy's equity analysis revealed that the equity in the Property as of February 19, 2008, *excluding WaMu's lien against the Norwood Property*, was ($5,588,600.40). *See* George Declaration, ¶11.

The United States Bankruptcy Court granted Amboy's Stay Relief Motion on 2/25/08, thereby permitting Amboy to resume and prosecute the foreclosure proceeding against the Norwood Property. *See* George Declaration, ¶12. Given the prior liens against the Norwood Property, and its current value, there will be no recovery for WaMu in the foreclosure.

B.    *Accrual of Attorneys' Fees and Costs*

In addition to the damages detailed above, WaMu has also sustained, and continues to sustain, damages in the form of substantial attorneys' fees and costs as a result of the Defendants' negligence  *See* George Declaration, ¶16. These fees and costs are certain and are recognized by New York Courts as legally cognizable damages for purposes of stating a claim for malpractice. *See Tenzer, Greenblatt, Fallon & Kaplan,* 199 A.D.2d at 45.

Defendants' reliance on *Parametric Capital Mgmt., LLC v. Lacher,* 15 A.D. 3d 301 (1st Dept. 2005) and *Kahan Jewelry Corp. v. Rosenfeld,* 295 A.D.2d 261 (1st Dept. 2002) is misplaced as neither plaintiff in the cited actions had sustained *any damages* at the time the malpractice action was commenced. In *Parametric,* the plaintiff claimed that its attorney committed legal malpractice in the course of its representation of plaintiff in an arbitration proceeding. *See Parametric Capital Mgmt., LLC,* 15 A.D. 3d at 302. At the time the malpractice action was commenced, the arbitration proceeding was still pending so that the alleged malpractice had -at that time- not resulted in any damages (i.e. there was no adverse

decision that -- but for defendants' alleged negligence-- would have been more favorable to plaintiffs). *See Id.*

Similarly, in *Kahan,* the plaintiff commenced an action alleging legal malpractice by defendants in the course of their representation of plaintiffs in a mortgage foreclosure action. *Kahan Jewelry Corp.,* 295 A.D.2d at 261. As with *Parametric,* the mortgage foreclosure proceeding was still pending at the time the malpractice action was commenced so that the plaintiffs had no ascertainable damages. *See Id.*

In this case, WaMu has sustained actual and ascertainable damages as a result of Defendants' negligence. Defendants' representation of WaMu in connection with the Norwood Loan is complete. The rule which proscribes the recovery of uncertain and speculative damages applies where *the fact of damages is* uncertain, *not where the amount is uncertain. New Falls Corporation v. Lerner,* 2006 WL 2801459 (D.Conn, 2006)(slip copy)(citing *Matarese v. Moore-McCormack Lines, Inc.* 158 F.2d 631, 637 (2d. Cir. 1946)). WaMu has established actual and appreciable harm flowing from the Defendants' negligence and, accordingly, Defendants' Motion to Dismiss must be denied.

II.     **Defendants' Motion To Stay Proceedings Must Be Denied Since Resolution Of The Bankruptcy Proceeding Will Not Resolve The Issues in This Action**

Defendants argue that this action should be stayed until the Bankruptcy Proceeding is resolved. Defendants provide this Court with no support or analysis of their position in this regard.

It is appropriate to stay an action in deference to another only where the determination in the other will resolve all of the issues in the stayed action and the judgment on one trial will dispose of the controversy in both actions. *Mt. McKinley Insurance Company v. Corning Incorporated,* 33 A.D.3d 51, 58-59 (N.Y.A.D. 1 Dept., 2006), *citing Somoza v. Pechnik,* 3

A.D.3d 394, 772 N.Y.S.2d 2 (2004). In analyzing whether the district court should stay a federal proceeding to allow resolution of a similar cause of action pending in state court, the Honorable Judge Marrero highlighted the following factors as guiding the Court's determination: (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of the parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay. *Van Wagner Enterprises, LLC v. Brown,* 367 F.Supp.2d 530, 531 (S.D.N.Y., 2005), (*citing De Carvalhosa v. Lindgren,* 546 F.Supp. 228, 230 (S.D.N.Y 1982) (quoting *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.,* 390 F.Supp. 824, 827 (S.D.N.Y.1975). These factors weigh heavily in favor of permitting the legal malpractice action to proceed in this forum.

The relief requested by Defendants must be denied as there is no corollary proceeding that can and/or will address *any* of the issues raised in this litigation. WaMu has not asserted any claim, let alone a legal malpractice claim, in the Bankruptcy Proceeding against either of the Defendants. Further, neither Defendant is party to the Bankruptcy Proceeding. These facts, when considered in light of Judge Marrero's factors, wholly negate Defendants' position. This Court need not consider comity and/or judicial efficiency since these claims are not pending, nor have they ever been pending, in an action other than the present one.

The cases cited by the Defendants are factually distinguishable and are not dispositive of the issues before this Court. In the matters of *Lupoli v. Lupoli,* 205 A.D.2d 595 (1994) and *Corrado v. Rubine,* 25 AD.3d 748 (2006), the Court held that the present action should be stayed because a corollary proceeding could dispose of the issues in the present action. Certainly that is

not the case here since there is no malpractice claim pending against the Defendants in the Bankruptcy Proceeding.

In *Stettner v. Bendet,* 227 A.D2d 202 (1996), the Court held that the movant was unable to establish any actual damages until the corollary proceeding was resolved. Rather than dismiss the action, the Court ultimately stayed the proceeding so that the corollary proceeding could proceed to judgment, thereby determining whether the movant sustained damages. *Stettner*, 227 A.D.2d at 203. As set forth above, WaMu has already sustained actual and irrevocable damages.

If this action is not permitted to proceed in this Court, WaMu will be severely prejudiced as it will be left with no recourse against the Defendants, whom, as noted above, are not parties in the Bankruptcy Proceeding. Moreover, a stay of this proceeding without further judicial intervention tolling WaMu's cause of action could ultimately have the effect of denying WaMu its right to pursue this action under the applicable statute of limitations.

## **CONCLUSION**

For the foregoing reasons, WaMu respectfully requests that Defendants' Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(6), or Alternatively, to Stay Proceedings be denied.

Dated: May 23, 2008

Respectfully submitted,

ARCHER & GREINER,
A Professional Corporation
Attorneys for Plaintiff

BY:   /s/ Stephen M. Packman
         STEPHEN M. PACKMAN

One Centennial Square
Haddonfield, NJ  08033
(856) 795-2121
(856) 673-7078
and
2 Penn Plaza, Suite 1500
New York, New York 10121

3318394v1