UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WASHINGTON MUTUAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICE OF ROBERT JAY GUMENICK, P.C., and ROBERT JAY GUMENICK,<br><br>Defendants. | 08 CV 02154 (VM) (FM) |

**<u>Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or Alternatively, to Stay Proceedings</u>**

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10016-5639
(212) 490-3000
*Attorneys for Defendants*

Of counsel:
    Brett A. Scher
    Justin R. Leitner

## **Preliminary Statement**

This reply memorandum of law is respectfully submitted in further support of the motion of Defendants Law Office of Robert Jay Gumenick, P.C., and Robert Jay Gumenick, (collectively, "Defendants") to dismiss plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), or alternatively, to stay all proceedings in this matter pending the resolution of related bankruptcy proceedings.[1]

Defendants have demonstrated that under the law, and in the interests of fairness and judicial economy, that this action should be dismissed or stayed pending the resolution of related bankruptcy proceedings, in which WaMu seeks damages from other persons and entities directly related to the same loan and property that is the subject of this malpractice action (to the extent of **at least $1.8 million** of the same damages WaMu seeks from Defendants in this action).

WaMu presently has a claim pending in the Dwek Bankruptcy Action for $22,382,572.59, including $1,839,313.42 in connection with WaMu's claim against Dwek in respect of the Norwood Loan. Crucially, nowhere in WaMu's opposition to this motion is there a claim or assertion that they have waived, terminated or are otherwise barred from recovering on its claim in the Dwek Bankruptcy Action for that sum. In essence, WaMu claims that this action should proceed, at this stage, because WaMu has incurred attorneys' fees in prosecuting its claims in the Dwek Bankruptcy Action. WaMu's arguments confirm that this action is premature, as WaMu may still recover in the Dwek Bankruptcy Action some or all of the damages it seeks from Defendants in this action. Accordingly, it would be prejudicial and a

---

[1] Defendants moved upon the Notice of Motion, and Declaration of Justin R. Leitner in Support of Defendants' Motion to Dismiss (cited herein as "Leitner Dec."), both dated May 14, 2008. Unless otherwise indicated, all capitalized terms have the same meaning as those ascribed in Defendants' moving papers.

3244926.1

waste of judicial resources for this action to proceed at this stage, when WaMu's damages cannot be determined with any degree of certainty, and especially when they may be recovered in whole or in part from other parties.

I.    **WaMu May Still Recover in Related Bankruptcy Proceedings the Entirety, or Vast Majority, of the Damages Sought from Defendants in this Action**

As set forth in Defendants' moving memorandum, WaMu is presently seeking to recover the same damages related to the Norwood Loan and Norwood Property from Dwek and his related and affiliated entities in the Dwek Bankruptcy Action that WaMu is attempting to recover in this action. (See Moving Mem., at 3.) Indeed, WaMu filed a proof of claim against Dwek in the Dwek Bankruptcy Action for a total of $22,382,572.59. (See Leitner Dec., Ex. E.) In the proof of claim, WaMu specifically asserts a claim of $1,839,313.42, the amount of the Norwood Loan, with respect to the Norwood Property. (See id., p. 3).

In WaMu's opposition, *nowhere* does WaMu show, or even claim, that it has lost the opportunity or waived its right to recover that sum from Dwek.  Rather, WaMu contends that:

(1)  absent Defendants' alleged negligence, WaMu would have never advanced the Norwood Loan, and thus all amounts advanced by WaMu in connection with the Norwood Loan are "actual and ascertainable damages" (see Plaintiffs' Memorandum of Law in Opposition, dated May 23, 2008 (cited as "Opp. MOL"), at 2, 5); and

(2)  as a result of Defendants' alleged negligence, WaMu is now an unsecured creditor, not entitled to recover interest and attorney's fees, and WaMu has incurred, and continues to incur, fees and costs in the related proceedings related to the Norwood Loan (see Opp. MOL at 2-5).

As to WaMu's first argument, WaMu's claim that they can show actual, ascertainable damages in the *full* amount of the Norwood Loan – i.e., in excess of $1.8 million – is incorrect. WaMu cannot be allowed to double dip, seeking to recover from a third party, Dwek, who clearly committed a fraud upon WaMu, while attempting to recover from its own agents in this lawsuit.  The fact that WaMu has claimed, and continues to claim, against Dwek, and Dwek Income LLC (the apparent title holder of the Norwood Property), in the jointly administered Dwek Bankruptcy Action, demonstrates that WaMu is seeking a double recovery, and as to Defendants, prematurely at that.  Indeed, as set forth in WaMu's opposing memorandum, "WaMu has incurred, ***and continues to incur***, substantial attorneys' fees and costs in the various proceedings which are directly related to the Norwood Loan and the resulting issues…." (See Opp. MOL, at 5 (emphasis added).)  If WaMu is asserting that it cannot recover from Dwek, its opposition begs the question of why WaMu has expended and continues to expend substantial sums in the bankruptcy proceedings to recover on the Norwood Loan.  The answer is clear:  there is recovery to be had by WaMu, either from Solomon Dwek, or Dwek Income, LLC.

WaMu glosses over the fact that it is continuing to pursue its claims, but focuses on the fact that the United States Bankruptcy Court for the District of New Jersey has granted relief from the automatic stay, allowing a lienor, Amboy Bank, to commence foreclosure proceedings against the Norwood Property.  (See Declaration of Robert D. George in Opposition, dated May ___, 2008, (cited as "Opp. Dec."), ¶¶ 7, 12-14.)  However, WaMu's argument that this is reason to allow WaMu to pursue this action at this time is unpersuasive for several reasons.  First, it is uncertain, one way or the other, whether WaMu will obtain any recovery as a result of the foreclosure proceedings.  In arguing that it will not, WaMu relies solely on Amboy's appraisal and equity analysis to conclude that there will be no recovery for WaMu in the foreclosure.

However, that much is *at this time* uncertain, as shown by, among other things, WaMu's acknowledgement that it *continues* to expend attorneys' fees in connection with the foreclosure proceeding. (See Opp. Dec., ¶ 14, 16, 19.) Second, and more importantly, the foreclosure proceedings do not bar WaMu's claims against Solomon Dwek, individually, in the Dwek Bankruptcy Action, even if WaMu does not ultimately obtain any recovery as a result of the foreclosure proceedings on the Norwood Property. Indeed, WaMu has a separate claim against Dwek *specifically* relating to the Norwood Loan. (See Leitner Dec., Ex. E, p. 3; Moving MOL at 3.) Thus, it is clear that WaMu has pending, viable claims against Dwek for damages which directly overlap with the damages WaMu seeks from Defendants in this malpractice action. In fact, it is the most substantial sum sought from Defendants (the $1.8 million principal balance of the Norwood Loan, plus accrued pre-petition interest) which WaMu may well recover in the Dwek Bankruptcy Action.

As to WaMu's second argument – that as a result of Defendants' alleged negligence, it is now an unsecured creditor, not entitled to recover interest and attorney's fees, and WaMu has incurred, and continues to incur, fees and costs in the related proceedings related to the Norwood Loan – WaMu simply makes clear that WaMu's damages, if any, cannot be ascertained at this time, as: WaMu may still recover from Dwek; and WaMu's costs and fees in connection with the Dwek Bankruptcy Action, including WaMu's attempt to recover the $1.8 million principal amount of the Norwood Loan, are unsettled. Dismissing this action without prejudice, or alternatively, staying these proceedings, will serve to ensure that WaMu is compensated to the extent the law allows, but not obtain a windfall from *both* Dwek and Defendants (if, ultimately, WaMu proves any claim against Defendants).

**II.    Dismissing this Action Without Prejudice, or Alternatively, Staying these Proceedings, Would Prevent Prejudice to Defendants, Would Not Prejudice WaMu, and Would Promote Efficiency and Judicial Economy**

The equities weigh heavily in favor of Defendants' motion. If the Court dismisses WaMu's complaint without prejudice, or alternatively, stays these proceedings, WaMu will be able to continue to seek recovery on the Norwood Loan in the Dwek Bankruptcy Action; thus, WaMu can attain the maximum amount of recovery in that action, and then seek from Defendants any amounts not recovered. However, denial of this motion would result in significant prejudice to Defendants: WaMu would, in essence, be given the opportunity to seek recovery in the Dwek Bankruptcy Action, and from Defendants in this action, the same damages: those stemming from the Norwood Loan, including the principal amount in excess of $1.8 million.

Moreover, granting Defendants' motion would further the interests of efficiency and judicial economy. For instance, the Dwek Bankruptcy Action may well resolve the major portion of damages sought by WaMu: the principal amount of the Norwood Loan. Until WaMu's entitlement to recover in that action, and the amount thereof, is settled, it is evident that damages in the instant action would not be determinable.

In opposition, WaMu argues that Defendants' motion must be denied as "there is no corollary proceeding that can and/or will address *any* of the issues raised in this litigation" and that "WaMu has not asserted any claim, let alone a legal malpractice claim, in the Bankruptcy Proceeding against either of the Defendants." (Opp. MOL, at 8.) WaMu misses the point. The related bankruptcy proceedings may resolve the overwhelming majority of WaMu's claim for damages. If WaMu recovers amounts in respect of the Norwood Loan in the Dwek Bankruptcy Action, WaMu would not be able to claim those amounts as damages from Defendants.

WaMu purports to address the case law cited in Defendants' moving memorandum, but ignores the substance. For example, in Corrado v. Rubine, 25 A.D.3d 748, 807 N.Y.S.2d 878 (1st Dept. 2006), the New York Supreme Court, Appellate Division, First Department, stayed a legal malpractice action pending the resolution of a related divorce action, as "**some** or all of the components of the damages alleged by the plaintiff may ultimately be addressed in the divorce action." (emphasis added). That court did not require that the related action dispose of *all* of the components of damages. In Stettner v. Bendet, 227 A.D.2d 202, 642 N.Y.S.2d 253 (1st Dept. 1996), the court stayed a legal malpractice action where the client's remedies in a related bankruptcy proceeding were uncertain. Finally, Tenzer, Greenblatt, Fallon & Kaplan v. Ellenberg, 199 A.D.2d 45, 604 N.Y.S.2d 947 (1st Dept. 1993), cited by WaMu in support of its argument that this action should not be *dismissed*, (see Opp. MOL, at 3-4), expressly supports Defendants' position that this action should, at a minimum, be *stayed*. In Tenzer, the First Department upheld a claim for legal malpractice, finding that the claimant had sustained damages because she was faced with additional litigation and expenses in underlying proceedings, but stayed the malpractice action pending the result of the underlying proceedings, as the claimant's success in recovering a portion of her claimed damages in the underlying proceedings – legal fees – would mean that she could not recover those from the law firm in the malpractice action.

Here, the related bankruptcy proceedings may resolve of the vast majority WaMu's claimed damages. As set forth in WaMu's declaration in opposition, WaMu presently claims that the Norwood Loan is outstanding in the amount of $1,913,730.85, including a principal balance of $1,801,440.22. (Opp. Dec., ¶ 15.) WaMu does not deny that it continues to seek at

3244926.1

least the principal balance, in excess of $1.8 million, in the Dwek Bankruptcy Action, while concurrently seeking the same damages from Defendants in this action.

WaMu provides no good reason why a stay of these proceedings should not be granted. Defendants on the other hand, have demonstrated that they would be prejudiced by WaMu seeking claimed damages in excess of *$1.8 million* from Defendants while seeking the same damages in the Dwek Bankruptcy Action. To the extent that WaMu recovers all or part of those damages in the related proceedings, then it would not be entitled to the same sums from Defendants. Moreover, Defendants have demonstrated that a stay would promote economy by allowing the possibility of disposing of all or part of WaMu's claimed damages by awaiting a determination of WaMu's claims in the related proceedings. Accordingly, Defendants' motion for a dismissal without prejudice, or a stay of these proceedings, should be granted.

### Conclusion

WHEREFORE, it is respectfully requested that this Court enter an Order dismissing WaMu's complaint pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, staying all proceedings pending the completion of the underlying bankruptcy proceedings.


Dated:  New York, New York
        June 2, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:    _____/s/ Justin R. Leitner_____
        Brett A. Scher
        Justin R. Leitner
        150 East 42nd Street
        New York, New York 10016-5639
        (212) 490-3000
        File No. 07765.00078
        *Attorneys for Defendants*

3244926.1