```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-11-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
WASHINGTON MUTUAL BANK,          :
                                 :
              Plaintiff,         :    08 Civ. 2154
                                 :
      - against -                :    **DECISION AND ORDER**
                                 :
LAW OFFICE OF ROBERT JAY         :
GUMENICK, P.C., and              :
ROBERT JAY GUMENICK,             :
                                 :
              Defendants.        :
------------------------------- X

**VICTOR MARRERO, United States District Judge.**

Plaintiff Washington Mutual Bank ("WaMu") brought this action against defendants Robert Jay Gumenick and the Law Office of Robert Jay Gumenick, P.C. (collectively, "Gumenick") alleging legal malpractice, breach of contract, and breach of fiduciary duty. Gumenick moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a stay pending resolution of related proceedings in the Superior Court of New Jersey and the United States Bankruptcy Court for the District of New Jersey (collectively, the "Bankruptcy Proceedings"). For the reasons stated below, the Court grants Gumenick's motion for a stay pending resolution of the Bankruptcy Proceedings.

### I. BACKGROUND

The facts summarized below are taken primarily from the Complaint dated March 4, 2008, which the Court accepts as true

for the purpose of ruling on the motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

Gumenick represented WaMu in connection with the closing of a commercial loan (the "Loan") and mortgage (the "Mortgage") in the principal amount of $1.8 million, secured by commercial property located at 1001 Norwood Avenue, Long Branch, New Jersey (the "Property"). The parties entered into an agreement, dated January 24, 2006, under which Gumenick agreed to, among other things, review title in order to confirm that WaMu was in a first lien position upon recordation of the Mortgage. Gumenick allegedly failed to perform this review, and, as a result, the Mortgage was recorded as a third mortgage, pre-dated by two other mortgage liens, which total $8 million. Currently, Dwek Properties, LLC ("Dwek") holds title to the Property, which is the subject of the ongoing Bankruptcy Proceedings.

WaMu has asserted claims related to the Property in the Bankruptcy Proceedings, and it subsequently filed a diversity action in this Court against Gumenick alleging legal malpractice and claiming compensatory and consequential damages, including the loan principal of $1.8 million.

## II. DISCUSSION

A.  LEGAL STANDARD

The following factors (the "Factors") are pertinent to a district court's decision to exercise its discretion in favor of staying proceedings before it:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of the parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay.

De Carvalhosa v. Lindgren, 546 F. Supp. 228, 230 (S.D.N.Y. 1982) (quoting Universal Gypsum of Georgia, Inc. v. American Cyanamid Co., 390 F. Supp. 824, 827 (S.D.N.Y. 1975)).  "'No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required.'"  Burton v. Exxon Corp., 536 F. Supp. 617, 623 (S.D.N.Y. 1982) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-19 (1976)).

B.  APPLICATION

The Court agrees with Gumenick that this action should be stayed because the Factors weigh heavily in favor of such a course pending the resolution of the Bankruptcy Proceedings.

First, staying this action would advance the principles of comity. Although WaMu argues that it will not recover any damages in the Bankruptcy Proceedings, this Court should not attempt to predict the outcome of the Bankruptcy Proceedings and then issue a ruling in this proceeding on the basis of that prediction. In addition, the Bankruptcy Proceedings were commenced prior to this action. See Burton v. Exxon Corp., 536 F. Supp. at 623 (noting that "[i]f the state suit were commenced before the federal one, considerations of comity might support a decision to abstain").

Second, judicial efficiency will be promoted by preventing needless duplication of time and resources in simultaneous litigation, and by avoiding the risk of double recovery. The damages WaMu is seeking here overlap significantly with those WaMu is claiming in the Bankruptcy Proceedings. Therefore, granting a stay in this action will avoid the possibility of a double recovery for WaMu against both Gumenick and Dwek.

Third, the relief available to WaMu in the Bankruptcy Proceedings is adequate because it includes the $1.8 million in loan principal. Since the Bankruptcy Proceedings can grant WaMu a substantial amount of the relief it seeks, this factor also weighs in favor of staying the instant action. See Corrado v. Rubine, 807 N.Y.S.2d 878 (App. Div. 2d Dep't 2006)

4

(granting a stay of a legal malpractice action because "some or all of the components of the damages alleged by plaintiff may ultimately be addressed in the [related] divorce action").

Fourth, although defendants Gumenick are not parties to the Bankruptcy Proceedings, the issues are closely related because WaMu is seeking damages in this action that may be largely eliminated by the outcome of the Bankruptcy Proceedings.

Fifth, there is no bar to prompt disposition of the Bankruptcy Proceedings. Sixth, convenience of the parties, counsel, and witnesses are not an issue in this case. Finally, the Court finds no compelling demonstration of prejudice to any party resulting from a stay.

The Court concludes that this action should be stayed pending resolution of the Bankruptcy Proceedings. Because the Court grants Gumenick's request for a stay, it need not decide the motion to dismiss. See, e.g., Regions Bank v. Wieder & Mastroianni, P.C., 170 F. Supp. 2d 436, 441 (S.D.N.Y. 2001).

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendants (Docket No. 6) to stay this action pending the resolution of the related proceedings against Solomon Dwek and Dwek Enterprises, LLC, in the Superior Court of New Jersey and the United States

5

District Court for the District of New Jersey (the "Bankruptcy Proceedings") is GRANTED.

The Clerk of Court is directed to place this action on the Court's suspense docket for an initial period of ninety (90) days, prior to the expiration of which the parties shall inform the Court about the status of the related proceedings described above.

Accordingly, the initial conference scheduled for June 13, 2008 is adjourned pending resolution of the Bankruptcy Proceedings and the removal of this action from the Court's suspense docket.

**SO ORDERED.**

Dated:   New York, New York
         June 11, 2008

                                          Victor Marrero
                                            U.S.D.J.